UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KAESTNER BURKE,

                     Plaintiff,

- against -

CITY OF NEW YORK, et. al.,

                     Defendants.
-----------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
06-CV-00581 (RRM) (JO)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 0 5 2011 ★

BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

Plaintiff Kaestner Burke ("Plaintiff") brings this action against the City of New York ("City") and the New York City Department of Education ("DOE") (collectively, "Defendants") alleging disability and age discrimination in violation of federal, state, and local law. Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This Court referred Defendants' motion to the assigned Magistrate Judge, the Honorable James Orenstein, for a report and recommendation ("R&R"). On September 30, 2009, Judge Orenstein issued an R&R recommending that Defendants' motion be granted.

Presently before the Court are Plaintiff's objections to the R&R as well as Defendants' submission in support of the R&R. Plaintiff contends that: (1) Judge Orenstein erroneously concluded that Plaintiff is not disabled within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; (2) Plaintiff sufficiently established a *prima facie* case of discrimination; (3) Defendants' proffered legitimate reasons for their conduct were pretexts to mask discrimination; and (4) sufficient evidence appears from the record to support a hostile work environment claim.

In light of Plaintiff's timely objections, this Court has conducted a *de novo* review of the R&R, the underlying pleadings, and the factual record upon which it is based. Upon careful consideration of Plaintiff's objections, as well as the points discussed in Defendants' submission, Plaintiff's objections are overruled. As summarized below, the R&R is modified with respect to Plaintiff's New York City Human Rights Law ("NYCHRL") claims; and the R&R is otherwise adopted in all material respects.

## BACKGROUND

There is no need to revisit the facts of this case at great length, as they are meticulously outlined by Judge Orenstein in the R&R. It suffices to note that Plaintiff was a Special Education Teacher in the New York City Public School system from 1989 to 2005. In 2000, Plaintiff worked at Intermediate School ("I.S.") 192Q and was assigned to teach a class of students with behavioral or psychological problems known as a Modified Instruction II ("MIS II") class, although he had requested assignment to a Resource Room position. In 2002, a Resource Room position became available and Plaintiff was assigned to that position. However, in late 2003, Plaintiff was reassigned once again to an MIS II class.

Following the 2003-2004 school year, I.S. 192Q was reorganized after DOE determined that the school had performed below applicable standards. Plaintiff was not selected for any position at I.S. 192Q following this procedure, but was assigned to an MIS II position at a different school, I.S. 109Q. Shortly after this transfer, however, Plaintiff submitted a "Reasonable Accommodation Request" to DOE's Medical Bureau and, citing leg pain, shortness of breath, and high blood pressure, requested accommodation with, *inter alia*, limited stair climbing. In response to this request, DOE reassigned Plaintiff to an MIS II class at Public School ("P.S.") 268Q, which is housed in a building with an elevator.

2

At P.S. 268Q, Plaintiff again asked that he be assigned to a Resource Room position. However, a less experienced teacher was assigned that position because, according to Defendants, she had been assigned to the same position during the prior school year. Plaintiff therefore accepted an MIS II assignment at P.S. 268Q. Approximately four months later, Plaintiff submitted another accommodation request to DOE asserting that high blood pressure, heart problems, and insensitive school administrators warranted his reassignment to a Resource Room or other teaching position. After concluding that no accommodation was medically warranted, DOE denied Plaintiff's request. Plaintiff was advised that his accommodation request would be re-evaluated if he submitted new or additional medical documentation in support of his request. Plaintiff declined to do so.

Finally, in September 2005, Plaintiff was assigned to teach a second grade MIS II class but instead retired shortly after the school year commenced. This lawsuit followed several months later. In addition to his complaints concerning Defendants' alleged failure to accommodate his purported disabilities, Plaintiff contends that he was subjected to a litany of discriminatory acts at P.S. 268Q, principally at the hands of school administrators. In support of these claims, Plaintiff cites excessive monitoring, unreasonable requests for homework sheets, numerous unsatisfactory performance reviews, and threats of disciplinary action.

## STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. *Id.* The district court is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to

which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). After review, the district judge may accept, reject, or modify any of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3).

In this case, Defendants correctly note that Plaintiff's objections to the R&R primarily reiterate the arguments presented in opposition to Defendants' underlying motion for summary judgment. Indeed, most of Plaintiff's objections simply repeat verbatim portions from Plaintiff's opposition brief. (*Compare* Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. (Docket No. 40) ("Pl.'s Opp'n") at 10-11 *with* Pl.'s Objections to the R&R (Docket No. 45) ("Pl.'s Objections") at 2-3 (discussing issue of disability under the ADA); *compare also* Pl.'s Opp'n at 12-14 *with* Pl.'s Objections at 4-5 (discussing Plaintiff's *prima facie* case with respect to discrimination claims); *compare also* Pl's Opp'n at 23-26 *with* Pl.'s Objections at 8-11 (discussing pretext issue); *compare also* Pl.'s Opp'n at 27-28 *with* Pl.'s Objections at 11-12 (discussing hostile work environment claim).)

As other courts have explained, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Johnson v. Connolly*, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010); *see also Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review"). Despite Plaintiff's failure to object to the R&R with anything more than the very same arguments and evidence presented in opposition to Defendants' motion, the Court has nevertheless conducted a *de novo* review of the record and has considered Plaintiff's objections. Each is addressed in turn.

## DISCUSSION

### A. Objection One:

Plaintiff first contends that Judge Orenstein erroneously concluded that Plaintiff is not disabled within the meaning of the ADA. This argument is without merit. As Judge Orenstein correctly observed, Plaintiff bears the burden to establish that he suffers from "a physical or mental impairment that substantially limits one or more [of his] major life activities[.]" *See* R&R at 15 (citing 42 U.S.C. § 12102(1)(A)). Here, the scant medical evidence offered by Plaintiff does little more than establish that his various claimed ailments were controlled by medication and did not, as Plaintiff asserts, significantly restrict his ability to discharge his teaching duties, perform household tasks such as washing dishes, or engage in leisure activities such as going to the library or the movies.[1] Although Plaintiff argues that there are disputed issues of fact concerning whether his purported disabilities were sufficiently limiting, he cites only his self-serving deposition testimony wherein he conclusory asserted that various ailments hindered his workplace functions, household tasks, and leisure pursuits.[2] Finally, *de novo* review of the record in this case does not reveal evidence sufficient to support a conclusion that Plaintiff qualified as disabled under the ADA. As such, Plaintiff's objections as to this portion of the R&R are overruled.

### B. Objection Two:

Plaintiff next contends that Judge Orenstein erroneously concluded that Plaintiff failed to make out a *prima facie* case of discrimination. This argument is also unavailing. First, the Court notes that Judge Orenstein correctly analyzed Plaintiff's discrimination claims according to the

---

[1] With regard to Plaintiff's specific contentions that his claimed illnesses prevent him from driving and engaging in leisure activities, Judge Orenstein correctly noted that neither activity is a "major life activity" for purposes of the ADA.

[2] Moreover, as Judge Orenstein observed, Plaintiff has also failed to demonstrate: (1) the existence of an available and effective accommodation; or (2) that he informed Defendants that he needed an accommodation and that Defendants failed to engage in the required interactive process to attempt to meet his reasonable needs.

5

burden-shifting test set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Next, in both his objections to the R&R and in opposition to the underlying motion, Plaintiff principally complains that other teachers were assigned positions to which Plaintiff felt entitled, and that other teachers were not subjected to discipline in a manner similar to that to which he was subjected. Plaintiff, however, has failed to establish that his MIS II assignments, supervision by school administrators, and unsatisfactory performance evaluations stemmed from anything other than his subpar teaching performance. Indeed, *de novo* review of the underlying record confirms Judge Orenstein's conclusion that Plaintiff has failed to offer anything beyond his own subjective belief that Defendants unlawfully discriminated against him. Thus, Plaintiff has failed to establish a *prima facie* case. Therefore, Plaintiff's objection as to this aspect of the R&R is overruled.

### C. Objection Three:

In his third objection to the R&R, Plaintiff argues that Judge Orenstein erroneously found that, even if Plaintiff were able to establish a *prima facie* case of discrimination, no evidence appears in the record to suggest that Defendants' proffered legitimate reasons for their actions were pretextual and designed to mask impermissible discrimination. In support, Plaintiff (as he did in opposition to Defendants' underlying motion) simply reiterates the arguments concerning his alleged mistreatment offered in his attempt to establish a *prima facie* case. Although it is true that at this stage in the *McDonnell Douglas* analysis a plaintiff may rely on the evidence submitted in support of his *prima facie* case to also show that an employer's explanation is pretextual, see *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 n.10 (1981), the record here is devoid of evidence to support Plaintiff's belief that Defendants' monitoring of his classroom performance, criticism of his chronic absenteeism, and unsatisfactory annual review

for the 2004-2005 school year, was motivated by Plaintiff's age or ostensible disability or that Defendants' explanation for their actions mask discriminatory animus. Accordingly, Plaintiff's objections to this portion of the R&R are overruled.

### D. Objection Four:

Finally, Plaintiff argues that Judge Orenstein's recommendation that Plaintiff's hostile work environment claim be dismissed should be rejected because "Plaintiff believes that the enumerated incidents are sufficient to establish" such a claim. (Pl.'s Objections at 12.) Plaintiff, however, does little more than recite the legal standards applicable to hostile work environment claims. As Judge Orenstein correctly noted, a plaintiff asserting a claim for hostile work environment must offer evidence showing that his workplace was "permeated with discriminatory intimidation, ridicule and insult, that [was] sufficiently severe or pervasive to alter the conditions of [his] employment." R&R at 31 (quoting *Aulicino v. New York Dep't of Homeless Servs.*, 580 F.3d 73, 82 (2d Cir. 2009)). As Judge Orenstein further observed, Plaintiff has failed to identify a single episode tending to show a hostile workplace. Instead, as evidence demonstrating that Defendants subjected him to a hostile workplace, Plaintiff relies on instances in which Plaintiff was not assigned positions to which he felt entitled, or was assigned to an MIS II position he did not want. Notably, Plaintiff concedes that none of his employers or supervisors (nor any other City or DOE employee for that matter) made any discriminatory statements indicating that Plaintiff's age or alleged disability played a role in any employment decision affecting him. *See* R&R at 12 (citing Defs.' R. 56.1 Statement and Pl.'s R. 56.1 Counter-Statement). *De novo* review of the underlying record leads this Court to a conclusion identical to that reached by Judge Orenstein: Plaintiff's hostile work environment claims must be dismissed. Accordingly, Plaintiff's objections to this portion of the R&R are overruled.

### E. Plaintiff's NYCHRL Claims:

In addition to claims brought pursuant to federal and state antidiscrimination laws, Plaintiff also asserts claims under the NYCHRL. (*See* Compl. ¶¶ 91, 97.) Although not raised by Plaintiff either in his brief in opposition to the underlying motion or in his objections to the R&R, in accordance with the Local Civil Rights Restoration Act of 2005,[3] these claims must be reviewed independently from, and more liberally than, their federal and state counterparts. *See Abraham v. New York City Dept. of Educ.*, No. 09-2238-cv, 2010 WL 3668675, at *2 (2d Cir. Sept. 22, 2010) (summary order); *Fowler v. Scores Holding Co., Inc.*, 677 F. Supp. 2d 673, 682 (S.D.N.Y. 2009); *see also Williams v. New York City Housing Auth.*, 872 N.Y.S. 2d 27, 66 (App. Div. 2009). However, "[n]othing in the 2005 revisions to the NYCHRL changed the standard for creating a disputed issue of material fact under Rule 56." *Baguer v. Spanish Broadcasting Sys., Inc.*, No. 04 Civ. 8393, 2010 WL 2813632, at *16 (S.D.N.Y. July 12, 2010).

The Court has conducted a thorough and independent analysis of Plaintiff's NYCHRL claims and, for the reasons discussed above with respect to his claims arising under federal law, concludes that, even under the more liberal standard espoused by the NYCHRL, Plaintiff has not established a material issue of disputed fact so as to make out a *prima facie* case of age or disability discrimination. Neither has Plaintiff rebutted Defendants' proffered legitimate reasons for their conduct. Accordingly, the R&R is hereby modified to reflect this independent analysis and Plaintiff's NYCHRL claims are dismissed.

---

[3] *See* N.Y.C. Local Law No. 85 (2005).

## CONCLUSION

For the forgoing reasons, this Court hereby adopts, as modified above, the rationale and conclusions articulated in the well-reasoned R&R. Accordingly, Plaintiff's objections to the R&R are OVERRULED, Defendants' motion for summary judgment is GRANTED, and the Complaint is DISMISSED. The Clerk of Court is directed to enter Judgment accordingly and to mark this case closed.

SO ORDERED.

Dated: Brooklyn, New York
December 27, 2010

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge